WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Brian Douglas Kanuho,<br><br>    Defendant. | No. CR-11-08178-001-PCT-GMS<br><br>**ORDER** |

Before the Court is Defendant Brian Douglas Kanuho's ("Defendant") Expedited Motion for Compassionate Release (Doc. 54). For the reasons stated below, the motion is denied.

## BACKGROUND

On September 6, 2011, a grand jury returned an indictment against Defendant, charging him with assault with a dangerous weapon, knowing and reckless assault resulting in serious bodily injury, kidnapping, and knowingly engaging in a sexual act by force or threat. (Doc. 1.) Defendant pled guilty to kidnapping in violation of 18 U.S.C. §§ 1153, 1201(a)(2). (Doc. 52 at 1.) In April 2013, he was sentenced to 204 months in Prison with 5 years of supervised release to follow. (Doc. 51.) Defendant is presently in federal custody at FCI-Lompoc and filed the instant motion for compassionate release on June 12, 2020. (Doc. 54.)

**DISCUSSION**

**I.     Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Under 18 U.S.C. § 3582, a court may reduce a term of imprisonment it has imposed "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if "extraordinary and compelling reasons warrant such a reduction." The reduction may only be entered on a defendant's motion

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is mandatory and cannot be waived by the Court. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."). Indeed, when Congress enacts a statutory exhaustion provision, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993)).

**II.    Analysis**

There is no evidence that Defendant complied with the exhaustion requirement—his motion does not suggest he ever made an early-release request to the BOP. Instead, Defendant urges the Court to waive the exhaustion requirement because of the dangers of

COVID-19. (Doc. 54 at 7.) Although some district courts have held a court may waive exhaustion in light of the emergency circumstances caused by the current pandemic, "[o]ther courts in this district and throughout the Ninth Circuit have found the statute deprives them of the authority to consider a compassionate release request absent exhaustion of administrative remedies." *United States v. Fuentes*, No. 2:07-CR-0248-11 WBS, 2020 WL 1937398, at *2 (E.D. Cal. Apr. 22, 2020). Indeed, the Ninth Circuit has held that "while judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998). Thus, Defendant has not exhausted his administrative remedies and his request must be denied.

Moreover, regardless of exhaustion, Defendant has not established that he would not be a danger to the community if released. Defendant is incarcerated for kidnapping. He forced his ex-wife, F.K., into his home by kicking her, hitting her in the face, and taking her car keys, ultimately picking her up and throwing her toward the residence. While holding the victim in his home, he subjected her to further physical and sexual violence and bound her wrists and ankles with wire and tape. The serious nature of Defendant's criminal conduct is supported by substantial evidence contained in the Plea Agreement, which details the acts Defendant agreed he committed. (Doc. 52 at 5–6.) The severity of Defendant's crimes at least suggest he would continue to present a danger to the community if released.

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not exhausted his administrative rights.

/ / /

/ / /

/ / /

1 **IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 54) is **DENIED.**

Dated this 10th day of November, 2020.

*G. Murray Snow* (signature)
G. Murray Snow
Chief United States District Judge